**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**ENES KILIC**                          **CIVIL ACTION NO.  1:26-CV-00385 SEC P**

**VERSUS**                              **JUDGE TERRY A. DOUGHTY**

**BRIAN ACUNA ET AL**                   **MAGISTRATE   JUDGE   CAROL   B. WHITEHURST**


## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Enes Kilic ("Kilic"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana.  Kilic alleges that he is subjected to unconstitutional, prolonged detention.

Because there is no significant likelihood of Kilic's removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I.    Background

Kilic is an a native and citizen of Turkey, who entered the United States on May 27, 2023.  Doc. 1-1 at 1.  On August 22, 2024, an immigration judge ordered Kilic removed to Turkey, but granted relief in the form of withholding of removal under § 241(b)(3) of the Immigration and Nationality Act.  No appeal was filed, so the order became administratively final the following month.  Doc. 1 at 4-5.

Kilic was released on supervision on an unspecified date.  He alleges that he complied with all conditions, but was suddenly detained at a routine check-in on July 7, 2025.  Doc. 1 at 2.  He has been in ICE custody since.

1

## II.    Law and Analysis

The Court has jurisdiction to consider Kilic's challenge to his continued post-removal order detention.  *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.   Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal.  *See* 8 U.S.C. § 1231(a)(1)(A).  However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  In fact, detention for up to six months is "presumptively reasonable."  *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him.  *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures).  Generally, the petitioner bears the initial burden of

demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).[1] The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Kilic's removal order became final in 2024, and he has been in post-removal order detention since July 7, 2025, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *adopted by,* 2026 WL 544292 (W.D. La. Feb. 26, 2026).

The Government asserts that Kilic has "offered nothing beyond the fact of his six-month detention and unsupported allegations that efforts to remove him to a third-party country have not been successful." Doc. 8 at 4. This is inaccurate. In fact, Kilic's allegations are the only ones supported by the record. Kilic establishes that he was granted withholding of removal to Tukey, the only country to which he

---

[1] However, the burden shifts automatically when a petitioner is re-detained based on the revocation of an order of supervision. *See Escalante v. Noem,* 9:25-CV-00182, 2025 WL 2491782, at *2 (E.D. Tex. July 18, 2025).

3

has citizenship.  This presents a clear barrier to repatriation.  *See Altayb*, 2026 WL 550093 *3 (collecting cases).

Because Kilic provides a good reason to believe that there is no significant likelihood of his removal in the foreseeable future, the burden shifts to the Government to provide evidence of a significant likelihood that Kilic will be deported in the reasonably foreseeable future.  The Government alleges that it has "contacted Armenia, Azerbaijan, and Georgia, and is simply waiting for responses from the receiving countries."  Doc. 8 at 5.  But the Government does not provide any evidence to support this bald assertion.  Nothing in the record before the Court indicates that any third country has been contacted.[2]

Kilic is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02.  On this record, Kilic has provided a good reason to believe there is no significant likelihood of his removal in the foreseeable future through withholding of removal to Turkey.  Since the Government has failed to provide any evidence to rebut Kilic's showing, it must release him.  *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701 ("the Government must respond with evidence sufficient to rebut that showing").

---

[2] The only exhibits provided by the Government are the Notice to Appear and the Immigration Judge's ruling granting withholding.  Doc. 8-1, 8-2.  *See Giorgi v. Chestnut*, et al., 1:26-CV-02170, 2026 WL 1158572, at *4 (E.D. Cal. Apr. 29, 2026) ("This silent record reinforces the court's conclusion that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future.").

## III.   Conclusion

Because the record shows there is no significant likelihood of Kilic's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 4th day of May, 2026.

Carol B. Whitehurst
United States Magistrate Judge

5